THE TOWNSHIP OF MORRIS, IN THE COUNTY OF MORRIS, STATE OF NEW JERSEY, PLAINTIFF, v. JOSEPH HARRIS & SONS, INCORPORATED, DEFENDANT.

Decided December 14, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Frank G. Turner.*

*Contra, John M. Mills.*

PER CURIAM.

A verdict was rendered in the Morris County Circuit Court in favor of the plaintiff, and against the defendant, for the sum of $1,998 as damages sustained by the plaintiff's automobile, which was used for fire purposes.

The first point argued in brief of counsel of defendant is that the verdict is excessive. We do not think it is. There was proof that the market value of the chassis was $300. The Hale pump cost $1,500. It cost $300 for mounting the pump on the chassis. The automobile also contained chemical tanks, ladders, fire extinguishers and hose carriage, &c.

There was proof that the fire apparatus at the time of the accident was in first-class condition—as good as new, including the paint. There was also proof that as a result of the accident the apparatus was considerably damaged. The chassis which cost $300 was sold for $100. The Hale pump was so damaged as to become valueless. The ladders, fire extinguishers, lanterns and other equipments were broken. The pump alone cost $1,500 and was an entire loss, besides, it cost $300 for mounting it on the chassis.

Next, it is argued that the verdict is against the weight of the evidence. There is no merit in this contention. There was testimony tending to show that the driver, who was operating a Reo speedwagon, with pneumatic tires, with a two-wheel trailer behind, on a clear day, with both windows opened, the truck being empty, and with an unobstructed view, and who, if he had been exercising due care, should have seen and heard the fire apparatus coming down the road, with the siren and bell ringing, and as he was only driving the truck at a speed of six or eight miles an hour, could have stopped within five feet. There is testimony tending to show that he simply slowed down and deliberately drove out into

the middle of the roadway with the twelve-foot trailer in the rear, in front of the plaintiff's fire apparatus.

The third point made is the court erroneously charged the jury as follows: "Of course, there is also this, that if in exercising his judgment at the moment he erred and made a mistake * * * and if that situation so called upon him to exercise that judgment, there would be no negligence on his part."

This quoted extract from the judge's charge is garbled. What the trial judge said on the subject was this: "I have been requested to charge by counsel of defense in this case that if the driver of the fire apparatus chose, as the term is, the lesser of two evils, and thereby the collision in question was occasioned solely by reason thereof, then there can be no recovery as against the defendant. Of course, there is also this, that if in exercising his judgment at the moment he erred and made a mistake, I am obliged to say to you that you could not hold him therefor for contributory negligence, and if that situation so called upon him to exercise that judgment, there would be no negligence on his part; in other words, if he found himself in that situation while driving that truck as the result of negligence of defendant's driver, bearing in mind what I have said to you about contributory negligence there could be no recovery."

Thus, it is to be observed that the failure of counsel to fully quote what the trial judge said pertaining to counsel's request to charge and simply quoting the portion of the charge which the latter characterizes as erroneous and prejudicial to the defendant, lends an erroneous impression as to the accuracy of the legal principle, enunciated by the trial judge on the facts of the case, and tends to be misleading.

The legal rule stated by the trial judge was properly applicable to the facts developed by the testimony in the cause.

The fourth and fifth points argued in brief of defendant's counsel are—first, that the trial judge "erroneously refused to direct a verdict in favor of the defendant;" and second, "the verdict is contrary to the charge of the court."

We regard both points as being utterly destitute of merit.

The rule is discharged, with costs.